UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL R. MCCAULEY, and
JUST IN TIME CONCESSION, LLC

    Plaintiffs,

                                                  Case No. 11-13446
v.                                                 Hon. Lawrence P. Zatkoff

CITY OF PORT HURON, and
BRUCE BROWN,

    Defendants.
                                      /

## **ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**

This matter is before the Court on Plaintiffs' Motion for Reconsideration [dkt 7] of the Court's September 8, 2011, Order dismissing Plaintiffs' state-law claims [dkt 4]. Pursuant to E.D. Mich. L.R. 7.1(h)(2), no response is permitted. The Court finds that the facts and legal arguments are adequately presented in Plaintiffs' motion and brief such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(h)(2), it is hereby ORDERED that the motion be resolved on the brief submitted. For the reasons set forth below, Plaintiffs' Motion for Reconsideration is DENIED.

Local Rule 7.1(h) governs motions for reconsideration, stating that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). The same subsection further states, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A defect is palpable when it is "obvious, clear, unmistakable, manifest, or plain." *Chrysler Realty Co., LLC v. Design Forum Architects, Inc.*, 544 F.Supp. 2d 609, 618

(E.D. Mich. 2008).

Plaintiffs challenge the Court's September 8, 2011, Order in which the Court declined to exercise its supplemental jurisdiction over Plaintiffs' state-law claims. In its September 8, 2011, Order, the Court declined to exercise supplemental jurisdiction over Plaintiffs' state-law claims because "Plaintiffs' state-law claims raise novel and complex issues of state law that would be more appropriately adjudicated by the state court." Plaintiffs maintain that the Court's rationale was incorrect, because "This case is not an adjudication on developing law in Michigan, nor are the claims of first impression. A breach of contract case is not a novel issue." Plaintiff also objects on the grounds that the Court "failed to provide one single compelling reason in support" of declining jurisdiction over the state-law claims.[1]

First, Plaintiff fails to realize that the complaint did not merely claim "a breach of contract case." Rather, civil rights violations, unconstitutional takings, and a conspiracy to deny civil rights are all claimed in the Complaint. In the event the federal and state claims are presented to a jury, the contemporaneous presentation of Plaintiff's federal and state law claims would result in the undue confusion of the jury. *See* 28 U.S.C. § 1367(c)(4); *see also Padilla v. City of Saginaw*, 867 F. Supp. 1309, 1315 (E.D. Mich. 1994).

Additionally, Plaintiffs' motion fails to state a palpable defect by which the Court and the parties have been misled, while also failing to show how correcting the defect would result in a different disposition in this case. Rather, Plaintiffs' motion presents issues that the Court has

---

[1] In support of this assertion, Plaintiff cites to footnote 7 of *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988), which, coincidentally, deals with the question of a court dismissing state law claims after pendent federal claims have already been dismissed—an issue not relevant to this Motion.

explicitly ruled upon, *see* E.D. Mich. L.R. 7.1(h)(3), and the motion indicates only Plaintiffs' disagreement with the Court's ruling. Such disagreement is not a proper premise on which to base a motion for reconsideration. *See, e.g.*, *Simmons v. Caruso*, No. 08-cv-14546, 2009 WL 1506851, at *1 (E.D. Mich. May 28, 2009); *Cowan v. Stovall*, No. 2:06-CV-13846, 2008 WL 4998267, at *2 (E.D. Mich. Nov. 21, 2008). Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for Reconsideration [dkt 7] is DENIED.

    IT IS SO ORDERED.

                                            S/Lawrence P. Zatkoff
                                            LAWRENCE P. ZATKOFF
                                            UNITED STATES DISTRICT JUDGE

Dated: November 8, 2011

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 8, 2011.

                                            S/Marie E. Verlinde
                                            Case Manager
                                            (810) 984-3290